(111 So. 799)

No. 26573.

## WARD v. BOARD OF LEVEE COM'RS OF NEW ORLEANS LEVEE DIST.

(Feb. 28, 1927.)

*(Syllabus by Editorial Staff.)*

1. **Sheriffs and constables** ⚖➡51—**Civil sheriff held not entitled to commission on amount collected on judgment by mandamus proceedings, after attempted seizure under execution was set aside (Act No. 136 of 1880, § 23, pars. 19, 20).**

   Where attempted seizure under execution in hands of civil sheriff was set aside and amount of judgment later collected by mandamus proceedings, sheriff *held* not entitled to commission, under Act No. 136 of 1880, § 23, pars. 19, 20, on amount collected.

2. **Estoppel** ⚖➡68(4)—**Judgment creditor, by praying for commission in garnishment proceeding, held not estopped from denying liability on amount collected by mandamus (Act No. 136 of 1880, § 23, par. 20); "mesne or final process."**

   Judgment creditor, by praying (in garnishment proceeding) for commission, under Act No. 136 of 1880, § 23, par. 20, *held* not estopped from denying liability to civil sheriff for commission on amount later collected in mandamus proceeding, amount not being realized under "mesne or final process."

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Mesne Process.]

3. **Estoppel** ⚖➡68(4)—**Judgment creditor, by praying in mandamus proceeding for commissions, held not estopped from denying liability to civil sheriff for commission (Act No. 136 of 1880, § 23, pars. 19, 20).**

   That judgment creditor in mandamus proceeding, prayed for amount due him, including interest, costs, and commissions, *held* to not estop him from denying liability for commission to civil sheriff, under Act No. 136 of 1880, § 23, pars. 19, 20, prayer being general one for commissions legally due.

Appeal from Civil District Court, Parish of Orleans; Sam A. Le Blanc, Judge.

Action by William H. Ward against the Board of Levee Commissioners of the New Orleans Levee District. From a judgment discharging a rule by Joseph H. La Besque to show cause why plaintiff should not pay him commissions on amount collected on plaintiff's judgment, Joseph H. La Besque appeals. Affirmed.

W. O. Hart, of New Orleans, for appellant.

Ethelred M. Stafford and Walter L. Gleason, both of New Orleans, for appellee.

THOMPSON, J. The plaintiff caused execution to be issued on a judgment which had been obtained against the defendant levee board.

The execution was accompanied with garnishment proceedings against several banks in this city, having on deposit tax moneys due the levee board.

On exception filed by the levee board, the attempted seizure of the public funds was set aside and the garnishees were discharged.

Thereupon the plaintiff applied for a mandamus against the levee board to compel payment of the judgment.

The mandamus was made peremptory on March 6, 1923, and the amount of the judgment, with interest and costs, was paid by the levee board to the plaintiff, Ward.

Thereafter, to wit, April 25, 1923, the then sheriff (Mr. La Besque) took a rule on plaintiff in execution to show cause why said plaintiff should not pay the sheriff the sum of $3,400.11, being a commission of 2½ per cent. on the amount which plaintiff had collected on his judgment.

In due course this rule was tried and discharged, and the demand of La Besque rejected.

It is from that judgment that this appeal was taken.

The appellant relies on Act 136 of 1880, and particularly section 23, paragraph 20, of said act to sustain his demand.

The act purports to fix the fees of the civil sheriff of the parish of Orleans.

In paragraph 19 a commission of 2½ per cent. on the amount realized on sales of prop-

erty under execution is allowed to the sheriff, and in paragraph 20 the same commission is allowed on moneys realized by the sheriff under all mesne or final process.

It is quite clear that the provisions referred to are not at all applicable in the instant case.

[1] When the garnishment process was canceled and the banks discharged therefrom, the execution in the hands of the sheriff became functus officio in so far as the funds belonging to the levee board were concerned.

There was no other fund or property brought under said fi. fa. There was nothing realized under any seizure or under any writ in the hands of the sheriff.

The money was paid directly to the plaintiff by the levee board, under the judgment in the mandamus proceedings.

The sheriff had no interest in and was not concerned with said mandamus proceeding.

It cannot properly be said, therefore, that any money was realized on the judgment from any mesne or final process in the hands of the sheriff.

[2] It is urged, however, that the plaintiff is estopped from denying his liability for the commission for the reason that the plaintiff prayed for the commission in his petition or rule against the garnishee.

It will be observed that the plaintiff in the petition referred to sought to have the Whitney Central National Bank condemned to pay over the amount of the judgment with interest, costs, and commissions, under the proceedings then pending and in force against the bank as garnishee.

If plaintiff had succeeded and had obtained judgment so ordering the bank to pay over said amount, then, perhaps, the sheriff would have been entitled to a commission because the amount would have been realized under "mesne or final process."

[3] It is true that in the prayer for a mandamus the plaintiff asked for judgment for the amount due him, including interest, costs, and commissions, but this had reference to costs and commissions legally due, and could not be said to be a demand for commissions not due and collectible under the law.

The plaintiff made no special reference to any commissions due the sheriff, and we are unable to see how, under a general allegation and prayer for costs and commissions, the plaintiff could be held to have judicially admitted liability for a special commission on moneys not realized and collected by the sheriff, and which the sheriff had no right to collect under the judgment on the mandamus proceedings.

Judgment affirmed.